**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**SAMUEL CHRISTOPHER
GOLDEN,**

    **Plaintiff,**

vs.                                              Case No. 4:23-cv-00493-WS-MAF

**RICKY DIXON, SEC'Y,
FLA. DEP'T OF CORR.,
et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Samuel Christopher Golden, a prisoner proceeding *pro se*, submitted a civil rights complaint, pursuant to 42 U.S.C. § 1983 and paid the requisite filing fee. ECF Nos. 1 and 5. As required, the Court screened the complaint pursuant to 28 U.S.C. § 1915A. The Court may review a complaint and dismiss it, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. See 28 U.S.C. § 1915A. For the reasons stated, dismissal is proper because Plaintiff failed to truthfully disclose his federal litigation history.

**I.  Standard of Review**

A federal court conducts an initial screening of a *pro se* complaint to

determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "An action is malicious when a prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury. . ." Burrell v. Moore, 854 F. App'x 624 (11th Cir. 2021); See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (affirming counting as a strike under § 1915(g) an action that was dismissed for an abuse of the legal process because the inmate lied under penalty of perjury about a prior lawsuit), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007); see also, e.g., Sears v. Haas, 509 F. App'x 935, 935-36 (11th Cir. 2013) (dismissal of action without prejudice as malicious for abuse of judicial process was warranted where inmate failed to disclose case he had filed against prison officials just five months earlier, and failed to disclose another case he filed six years earlier that had been dismissed prior to service for failure to state a claim); Jackson v. Fla. Dep't of Corr., 491 F. App'x 129, 132-33 (11th Cir. 2012) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to

disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service).

Federal courts have the inherent authority to *sua sponte* dismiss cases in order to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 631 (1962). A district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Servs., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). This Court must ensure that its limited resources are allocated in such a manner as to protect and promote the interests of justice. Thus, a case in which a plaintiff has maliciously abused the judicial process, warrants dismissal.[1]

## II. Plaintiff's Complaint, ECF No. 1.

Plaintiff sued Ricky Dixon, the Secretary for the Florida Department of Corrections (FDOC); a circuit court judge for the Fourth Judicial Circuit; five appellate court judges on Florida's First District Court of Appeals (First

---

[1] In general, a dismissal without prejudice does not amount to abuse of discretion. See Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent some plain prejudice other than the mere prospect of a second lawsuit. See Kotzen v. Levine, 678 F.2d 140 (11th Cir. 1982).

DCA); and four members of the Florida Bar Association, all in their individual- and official capacities. ECF No. 1, pp. 1-6.

Essentially, Plaintiff's complaint, which greatly exceeds the page limitations, is a running narrative about his forty-year litigation history within the state courts challenging the constitutionality of his prison sentence. Plaintiff alleges the FDOC denied him "meaningful access to the courts." Id., pp. 9, 33-35. Plaintiff claims the state judges wrongly decided his cases. Id., p. 8. Plaintiff purports his life sentence is "illegal." Id., p. 10. The First DCA barred Plaintiff from proceeding *pro se* due to the number of frivolous cases; of course, he maintains his cases were not frivolous. Id., pp. 13-14, 25-27. Plaintiff had no success in finding counsel to assist him. Id., pp. 13, 30-31. The FDOC denied Plaintiff's requests for counsel. Id., p. 32. Plaintiff outlines the history of his arrest and conviction and alleges his counsel's representation was ineffective. Id., pp. 18-19.

Plaintiff seeks declaratory relief stating that each defendant violated his constitutional rights and denied him access to the courts. Id., pp. 36-39. Plaintiff also seeks a preliminary injunction restoring his rights to access the state courts and effective representation to assist him with post-conviction litigation. Id., p. 40. Finally, Plaintiff seeks $1,000,000 in compensatory

damages; $2,000,000 in punitive damages; and the costs of litigating this case. Id., p. 40.

Plaintiff did not fully disclose his federal litigation history in his complaint, which was signed under the penalty of perjury. Id., pp. 43-50.

### III. Plaintiff's Affirmative Misrepresentation.

Plaintiff's *pro se* status does not excuse him from conforming to the rules governing these proceedings. If the Court cannot rely on the statements or responses made by the parties, the quality of justice is threatened. The Court will not tolerate false responses or statements in any pleading or motion filed before it.

On the complaint form, "Section VIII, Prior Litigation" provides the following warning:

> ***This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals— may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.***

ECF No. 1, p. 42. Plaintiff is no stranger to the federal- or state courts. Pursuant to Fed. R. Evid 201, the Court takes judicial notice of Plaintiff's significant litigation history.

Question A asks, "Have you had any case in federal court, including

federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?" Id., p. 19. Plaintiff answered, "Yes" and admitted to one, an unidentified case in the Gainesville Division of the Northern District of Florida. Id., p. 43. However, that is false. Plaintiff has at least *two* strikes and had no case in the Gainesville Division. Plaintiff's only other case in the Northern District of Florida was a Tallahassee Division case filed in 1996 pursuant to Section 1983; it was dismissed as frivolous. N.D. Fla. Case No. 4:96-cv-00468-MP, Golden v. FDOC, D.E. No. 7. Plaintiff failed to disclose this case. Plaintiff also failed to disclose the appeal of this case to the Eleventh Circuit, which was also dismissed as frivolous. See 11th Cir. No. 97-2216, Golden v. FDOC. The only Eleventh Circuit case Plaintiff acknowledged was the appeal of the denial of his Section 2254 petition. ECF No. 1, p. 49.

Question C asks, "Have you filed any other lawsuit, habeas corpus petition, or appeal in state or federal court either challenging your conviction or relating to the conditions of your confinement?" Id., p. 45. Plaintiff answered, "Yes." Id. Plaintiff filed no less than six federal cases in the Northern- and Middle Districts of Florida, the Eleventh Circuit Court of Appeals, and the Supreme Court of the United States, and filed dozens of cases in the state courts. However, Plaintiff fully disclosed only one federal

case in his amended complaint, which remains pending in this Court, N.D. Fla. No. 4:23-cv-00396-AW-MAF, Golden v. Dixon, et al. ECF No. 1, p. 46. Plaintiff also did not fully disclose his state cases; he listed seven First DCA cases. However, Plaintiff filed at least *thirty* cases in the First DCA. Plaintiff admitted that his disclosures were "by no means exhaustive" and contained only the cases he "could confirm." Id., p. 49. However, this excuse is unacceptable, particularly, when one year ago the First DCA, in an order to show cause, listed dozens of cases showing Plaintiff's abuse of the legal process. See Golden v. Est. of Tanzler, 351 So. 3d 125 (Fla. 1st DCA, November 9, 2022). It cannot be maintained this was proper disclosure given that Plaintiff is a vexatious litigant who was barred by the First DCA for filing dozens of frivolous cases. The Court will not list all of Plaintiff's litigation history because it is his obligation to do so. Plaintiff's full litigation history is available on Lexis, Westlaw, PACER, and the state court websites. It simply cannot be maintained that Plaintiff was forthcoming in his disclosures.

Plaintiff knew that accurate disclosure of his litigation history is required; and dismissal of the instant action might result from any untruthful answers to this section of the complaint form. If Plaintiff suffered no penalty for his untruthful responses to the questions on the complaint form, there

would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the Court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this Court should not allow Plaintiff's misrepresentations to go unpunished.

An appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with true factual statements or responses is dismissal without prejudice. See Rivera, 144 F.3d at 731 (dismissal of an action without prejudice as a sanction for a *pro se* prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, is proper); Jackson, 491 F. App'x at 132-33 (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose one prior case, and disclosed another prior case but not that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service).

## IV.   Conclusion and Recommendation

It is respectfully **RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** as malicious because Plaintiff affirmatively misrepresented his federal litigation history under the penalty of perjury. It

Case No. 4:23-cv-00493-WS-MAF

is also recommended that the case be **CLOSED** and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and counts as a strike.

**IN CHAMBERS** at Tallahassee, Florida, on December 20, 2023.

<u>s/ Martin A. Fitzpatrick</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).