**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**SAMUEL CHRISTOPHER
GOLDEN,**

    **Plaintiff,**

vs.                                                                       Case No. 4:23-cv-00493-WS-MAF

**RICKY D. DIXON,
et al.,**

    **Defendants.**
_____/

**REPORT AND RECOMMENDATION RE:
PLAINTIFF'S MOTION FOR ORDER COMPELLING FDOC TO PROVIDE
A DETAILED LITIGATION HISTORY, ECF NO. 7**

This Cause comes before the Court upon Plaintiff's latest filing, construed as a motion for a preliminary injunction and temporary restraining order. ECF No. 7. The procedural posture of this case is relevant. Plaintiff filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and paid the filing fee. ECF No. 1. Plaintiff sued the Secretary for the Florida Department of Corrections (FDOC), several state court judges, and members of the Florida Bar Association alleging the FDOC denied him meaningful access to the courts over the past 40 years. ECF No. 1. The undersigned issued a Report, in part, recommending dismissal because Plaintiff failed to properly disclose his litigation history. ECF No. 6. Specifically, Plaintiff admitted to having one

case dismissed as a "strike" under the Prison Litigation Reform Act, when he had two "strikes," but did not disclose the case information. Id. The Report remains pending. Plaintiff filed objections to the Report, ECF No. 8, along with the instant motion, ECF No. 7. Plaintiff's motion is addressed below.

I. **Plaintiff's Motion for Injunctive Relief, ECF No. 7.**

In his motion for injunctive relief, Plaintiff admits his federal litigation history goes back at least 28 years. ECF No. 7. For this reason, Plaintiff does not recall all the actions he filed. Id. FDOC has a policy that prisoners cannot keep their files due to space limitations and limited access to Lexis-Nexis in the law library. Id. Plaintiff claims that because he is a prisoner, he does not have access to Lexis, Westlaw, PACER, or state court websites so he can confirm his litigation history. Plaintiff asks the Court to order FDOC to provide him with a complete, detailed history of his state and federal litigation.

II. **Standard of Review**

It is within the sound discretion of the district court to grant or deny a preliminary injunction, which will not be disturbed absent a clear abuse of discretion. Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002). See also LSSi Data Corp. v. Comcast Phone, LLC, 696 F.3d 1114, 1119 (11th Cir. 2012). The standard for issuing a preliminary injunction is the same as is required for a temporary restraining order. See California v. American Stores

Co., et al., 492 U.S. 1301 (1989); Johnson v. U.S. Dep't of Agriculture, 734 F.2d 774 (11th Cir. 1984).

In order for Plaintiff to be entitled to a preliminary injunction, he must show:

1. a substantial likelihood of success on the merits;

2. the order is necessary to prevent irreparable injury;

3. the threatened injury outweighs the harm that the order would cause to the non-movant; and

4. the order is not adverse to the public interest.

DeYoung v. Owens, 646 F.3d 1319, 1324 (11th Cir. 2011); see also Winter v. Nat. Res. Def. Council, 555 U.S. 7, 20 (2008). District courts within the Eleventh Circuit are applying the standard set forth in Winter. See Madera v. Detzner, Case No. 1:18-cv-152-MW/GRJ, 325 F. Supp. 3d 1269, 1278 (N.D. Fla. Sept. 10, 2018) (citing Winter as the governing standard for a preliminary injunction). A preliminary injunction is "not to be granted unless the movant clearly established the burden of persuasion as to each of the four prerequisites." Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000).

> The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies. A showing of irreparable harm is the *sine qua non* of injunctive relief. The injury must be neither remote nor speculative, but actual and imminent. An injury is 'irreparable' only if it cannot be undone through monetary remedies. The key word in this consideration is *irreparable*.

Case No. 4:23-cv-00493-WS-MAF

> Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

<u>Northeastern Florida Chapter of Ass'n of General Contractors v. Jacksonville</u>, 896 F.2d 1283, 1285 (11th Cir. 1990) (internal citations and quotations omitted).

Typically, the individual or entity from whom the injunctive relief is sought must be a party to the underlying action. <u>See</u> <u>In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories</u>, 72 F.3d 842, 842 (11th Cir. 1995); <u>see</u> Fed. R. Civ. P. 65(d) (stating that a preliminary injunction or temporary restraining order is binding on "(A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)").

### III. Discussion

Here, Plaintiff failed to show the type of irreparable injury necessary to support the issuance of a preliminary injunction or temporary restraining order. If this case is dismissed without prejudice, Plaintiff could refile the case, along with the proper disclosures. Plaintiff wants the Court to order FDOC to provide his litigation history simply so that this case is not

dismissed. It is not the responsibility of the FDOC to track and disclose Plaintiff's litigation history; it is his own. Plaintiff knows that accurate disclosure of his litigation history is required; he was sanctioned by the state courts for his abuse of the judicial process. <u>See</u> Report recommending dismissal, ECF No. 6. If word spread around the prisons that the questions on the complaint form could be circumvented simply because prisoners are not allowed to keep their case files or have limited access the internet to confirm their litigation history, the Court would be confronted with widespread abuse from its many prisoner litigants.

Because Plaintiff cannot satisfy all four prerequisites, his request for injunctive relief should be DENIED.

The Court is not unsympathetic to a prisoner's challenges in accessing information while is in prison. However, there are ways for Plaintiff to keep track of his litigation history. For example, Plaintiff does not need to keep dozens of case files in his possession. He could simply have a sheet of paper listing his case numbers, dates, and court decisions. Moreover, it is not necessary for anyone to have online access to electronic databases to get case information. Plaintiff could simply write a letter to the various courts and ask them for his litigation history. The clerk of each respective court would be able to mail that information to Plaintiff.

Case No. 4:23-cv-00493-WS-MAF

## IV.  Conclusion and Recommendation

It is respectfully recommended that Plaintiff's motion for injunctive relief, ECF No. 7, be **DENIED WITH PREJUDICE**.  The Clerk is directed to remand the case to the Undersigned Magistrate Judge for further proceedings.

IN CHAMBERS at Tallahassee, Florida, on January 12, 2024.

<u>s/ Martin A. Fitzpatrick</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).